IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BARBARA MIHALICH, individually and
on behalf of all others similarly situated,

Plaintiff,

vs.

JOHNSON & JOHNSON and JOHNSON
& JOHNSON CONSUMER COMPANIES,
INC.,

Defendants.                                    Case No. 14-cv-600-DRH-SCW

## MEMORANDUM and ORDER

Now before the Court is defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s motion to dismiss plaintiff' Barbara Mihalich's first amended complaint (Doc. 62). Specifically, defendants move for dismissal of plaintiff's complaint pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) and 12(b)(9). Plaintiff opposes said motion, arguing that the first amended complaint sufficiently alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 et seq ("ICFA") and a financial injury resulting therefrom (Doc. 67). For the reasons stated below, defendants' motion to dismiss is granted in part and denied in part.

### I. Introduction and Background

On May 23, 2014, plaintiff Barbara Mihalich filed a class action complaint against defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. (hereinafter "J&J") alleging that the defendants failed to warn

consumers of the risks associated with the use of Johnson's® Baby Powder for feminine hygiene purposes (Doc. 2).

Defendants then filed a motion to dismiss for failure to state a claim and alternative motion to strike (Doc. 17) seeking to dismiss the entire complaint. On December 28, 2015, the Court granted the motion to dismiss for failure to state a claim with leave to amend in order to allow an opportunity for plaintiff to correct the deficiencies in the complaint (Doc. 58).

Thereafter, plaintiff filed her amended complaint on January 22, 2016 (Doc. 61). The amended complaint alleges that women face an increased risk of ovarian cancer due to prolonged use of talc based products, like Johnson's® Baby Powder, in the female perineum. Plaintiff asserts that defendants were aware of the risks associated with such use of Johnson's® Baby Powder, in addition to the increased risk of ovarian cancer resulting from continued use of the product. Plaintiff supports these allegations by citing to various national studies dating back to the 1960s, many of which she claims the defendants were aware of for many years prior to this litigation (Doc. 2, ¶ 26-75).

Plaintiff's first amended complaint alleges a violation of ICFA based on certain misrepresentations regarding Johnson's® Baby Powder. Plaintiff seeks injunctive relief resulting from the alleged ICFA violation (Count I), in addition to alleging a claim for unjust enrichment (Count II), arguing that the proposed class of plaintiffs conferred a monetary benefit on defendants when purchasing

Johnson's® Baby Powder, while defendants simultaneously failed to sufficiently disclose the product's risks to consumers.

Subsequent to the filing of plaintiff's first amended complaint, defendants filed the pending motion to dismiss (Doc. 62) and motion for hearing (Doc. 63) seeking to dismiss the amended complaint with prejudice. Specifically, defendants argue that (1) plaintiff's fraud-based claim under the ICFA fails to meet the Rule 9(b) heightened pleading standard and plaintiff fails to allege any actual out-of-pocket pecuniary harm necessary to meet the ICFA statutory requirements; (2) plaintiff's prayer for injunctive relief lacks standing, and (3) plaintiff's unjust enrichment claim must be dismissed because plaintiff failed state any predicate claim permitting the unjust enrichment claim to stand.

## II. <u>Motion to Dismiss</u>

Defendants' motion to dismiss is made pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) and 9(b). A Rule 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge 7,* 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See*

*Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007).

Even though *Twombly* (and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008) (citations and quotations omitted).

The Seventh Circuit Court of Appeals offers further guidance on what a complaint must do to withstand dismissal for failure to state a claim. The Court in *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008) reiterated the premise: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the complaint's allegations must "raise a right to relief above the speculative level." A plaintiff's claim "must be plausible on its face," that is, "the complaint must establish a non-negligible probability that the claim is valid..." *Smith v. Medical Benefit Administrators Group, Inc.,* 639 F.3d 277, 281 (7th Cir.2011); See also *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir.2012) (Rule 12(b)(1) motion to dismiss for lack of standing).

Additionally, a civil conspiracy claim that is "premised upon a course of fraudulent conduct can implicate Rule 9(b)'s heightened pleading requirements." *Borsellino v. Goldman Sachs Group, Inc.,* 477 F.3d 502, 507 (7th Cir.2007). Fed.

R. Civ. P. 9(b) requires that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud." Generally, pleading "with particularity" requires that a plaintiff describe the "who, what, when, where, and how" of the alleged fraud. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 441–42 (7th Cir. 2011); *See also Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir.2006) ("Rule 9(b) requires that facts such as the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff be alleged in detail.") (internal quotations omitted). However, the pleading's structure for fraud claims may be modified, as facts may vary with a particular case. For example, where the misrepresentations are made on the defendant's own website or product label, it is not necessary for the plaintiff to identify a specific person who allegedly made the statements or omissions. *Pirelli Armstrong Tire*, 631 F.3d at 442. With these standards in mind, the Court now turns to defendant's arguments for dismissal.

### III. <u>Analysis</u>

#### a. ICFA

Where Plaintiff alleges deceptive conduct, the heightened 9(b) rule applies. *Pirelli Armstrong Tire*, 631 F.3d at 441 (citing *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005)); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014).To meet this heightened pleading standard, plaintiff must allege the "who, what, when, where and how" of the alleged deceptive

conduct. *Pirelli Armstrong Tire*, 631 F.3d at 441. Here, the defendants argue that plaintiff's complaint should be dismissed based on plaintiff's failure to satisfy this heightened pleading standard when alleging her ICFA claim.

The ICFA protects consumers against "unfair or deceptive acts or practices," including "fraud," "false promise," and "misrepresentation or the concealment, suppression or omission of any material fact." 815 ILCS 505/2. The Act is "liberally construed to effectuate its purpose." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 266 Ill.Dec. 879, 775 N.E.2d 951, 960 (2002). Under the ICFA, a plaintiff must show: "(1) the defendant committed a deceptive act or practice; (2) the defendant intended for the plaintiff to rely on the deception; (3) the deception happened in the course of trade or commerce; and (4) the deception proximately caused the plaintiff's injury. *Cocroft v. HSBC Bank USA, N.A.*, 796 F.3d 680, 687 (7th Cir. 2015) citing (*Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 221 Ill.Dec. 389, 675 N.E.2d 584, 593 (1996).); See also *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir.2012) (quoting *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir.2010)).

Here, the plaintiff's complaint purports to allege deceptive practices, specifically with regard to the misrepresentations and omissions about the risks associated with talc use in the female genital region. The defendants contend that Mihalich fails to plead "the who, what, when, where, and how of the alleged fraud," with sufficient particularity, as required by Fed.R.Civ.P. 9(b).

First, the Court finds that plaintiff adequately pled a deceptive act or practice by defendants based on their statements and omissions. Specifically, plaintiff alleged that J&J failed to inform consumers that use of Johnson's® Baby Powder in the female genital region increased a woman's risk of developing ovarian cancer. Mihalich argues that despite defendant's knowledge of the risks associated with talc use, as exhibited in the studies dating back many decades, defendants "seek to convey an image of a safe and trusted family brand" and "fail to provide proper warnings to consumers regarding the safety risks of using the Baby Powder" (Doc. 61 ¶ 22).

Second, plaintiff sufficiently alleges that the defendants intended for her to rely on the deception, which is evident from the very nature of J&J's representations themselves. Plaintiff highlights the fact that the Johnson's® Baby Powder label omitted material information about the safety of the product, and did not warn Plaintiff of the safety risks associated with external use of the product. Mihalich also argues that the defendants knew that their statements on, and omissions from, the label and marketing materials were deceptive based on defendant's knowledge of the studies mentioned above. However, defendants still intended for consumers to rely on their advertising and labelling despite concealment of risks of use. Plaintiff alleges that as the manufacturer of Johnson's® Baby Powder, defendants knew or should have known that talc products led to an increased risk of ovarian cancer in women using the product in

their genital region, and J&J failed to disclose this fact to consumers in listing the product's warnings.

Third, plaintiff sufficiently alleges that the statements and omissions by J&J were, in fact, made in trade or commerce, as they relate to the marketing and sale of Johnson's® Baby Powder. Finally, plaintiff sufficiently alleges proximate cause, in that plaintiff relied on the J&J reputation, guarantees and warnings listed on the label prior to purchase. The amended complaint states that prior to purchasing Johnson's® Baby Powder, plaintiff read the product label, which included some safety warnings and use restrictions, all of which were unrelated to ovarian cancer (Doc. 61 ¶ 13). Mihalich articulates that she reasonably believed and relied on statements and branding efforts put for by the defendants, which led her to believe that Johnson's® Baby Powder was in fact safe for use, and that defendants' company was one that could be trusted to provide safe products, as conveyed in J&J's print advertisements and labeling.

Plaintiff asserts that "[a]s a direct and proximate result of Defendants' conduct, Plaintiff... overpaid for the Johnson's® Baby Powder because [she] paid a price that was based on Defendants' material misrepresentations and concealments regarding the safety of the Baby Powder" and J&J conveyed image "as a safe and trusted family brand" (Doc. 61 ¶ 120). Had she "known the truth about the risk associated with using Johnson's® Baby Powder, she would not have purchased the product. Had Defendants informed her of the safety risks, Plaintiff would have purchased an alternative product containing cornstarch

instead of talc." (*Id.*). Mihalich argues that defendants knew that the omissions and statements were deceptive, yet they intended consumers to rely on the advertisements, product label, and concealment of the risks of use—and plaintiff did in fact rely on them—consequently being deprived of the benefit of her bargain.

A private person who brings an action under the ICFA must suffer actual damages, and the defendant's deception must have caused these damages. *Priebe v. Autobarn, Ltd.,* 240 F.3d 584, 589 (7th Cir.2001); *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 148, 776 N.E.2d 151, 160 (2002). Ultimately, allegations regarding proximate cause under the ICFA need only be "minimal since that determination is best left to the trier of fact." *Connick*, 221 Ill.Dec. 389, 675 N.E.2d at 595. At this stage, plaintiff's assertions are sufficient to withstand dismissal.

### b. Rule 9(b)

A complaint alleging a violation of the Illinois Consumer Fraud Act must be pleaded with the same particularity and specificity under Rule 9(b) as that required for common law fraud. See *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 881–82 (7th Cir.2005). An omission or concealment of a material fact in the conduct of trade or commerce constitutes consumer fraud. *Mackinac v. Arcadia Nat. Life Ins. Co.*, 271 Ill. App. 3d 138, 648 N.E.2d 237 (1995). A material fact exists where a buyer would have acted differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely

in making a decision whether to purchase. *Id*. Here, the Court finds that plaintiffs' allegations, when taken in the best light to plaintiff, state a claim under the ICFA and provide defendant with adequate notice of the claim.

Mihalich has alleged an economic injury in that whether or not the risk associated with talc use is harmful to her, had she known that risk was associated with use of the Johnson's® Baby Powder, she would not have purchased the product. Instead she would have purchased an alternative product containing cornstarch instead of talc. Defendants contend that Mihalich has failed to plead, as required by Federal Rule of Civil Procedure 9(b), "the who, what, when, where, and how of the alleged fraud."

Looking specifically to "the who, what, when, where, and how" requirements, the amended complaint satisfies the heightened standard. The amended complaint states that the plaintiff had been purchasing the Baby Powder at Schnucks and Walgreens in Granite City, Illinois, over the past five years. Most recently, she paid approximately $3.50 for the product. "Prior to making her purchases, plaintiff was exposed to and read the label for the Baby Powder, including a warning on the label not to inhale the powder because it can cause breathing problems, and directions to shake the Baby Powder onto the hands away from the face. Plaintiff has also viewed print advertisements for the Baby Powder," none of which mentioned the risks of use in the female perineum (Doc. 61 ¶13). As mentioned previously, where the misrepresentations are made on the defendant's own product label, it is not necessary for the plaintiff to identify a

specific person who allegedly made the statements or omissions. *Pirelli Armstrong Tire*, 631 F.3d at 442. Accordingly, plaintiff's allegations are sufficient under Rule 9(b) to withstand a motion to dismiss. See *Stacel v. Teva Pharm., USA*, 620 F.Supp.2d 899, 902 (N.D.Ill.2009); *Connick*, 221 Ill.Dec. 389, 675 N.E.2d at 595 (holding that purchasers adequately pled an ICFA claim where the complaint alleged that Suzuki was aware of its vehicles' tendency to roll over, yet Suzuki failed to disclose the safety problem, and plaintiffs would not have purchased the vehicle had they been aware of the problem). Plaintiff sufficiently pleads the "the who, what, when, where, and how," of the alleged fraud. To the extent that the defendants uncover facts during discovery that they believe invalidate plaintiff's allegations, they may move for summary judgment.

### c. Unjust Enrichment

Under Illinois law, to state a claim of unjust enrichment, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Gagnon v. Schickel,* 983 N.E.2d 1044, 1052 (Ill.App. 2012). When a claim of unjust enrichment arises out of the same conduct alleged in another claim, the unjust enrichment claim stands or falls with the other claim" *Cleary v. Phillip Morris Inc.*, 656 F.3d 511, 517 (7th Cir.2011) (citing *Ass'n Benefit Servs. v. Caremark Rx, Inc.*, 493 F.3d 841, 855 (7th Cir.2007)).

Here, plaintiff's theory of unjust enrichment arises out of the same conduct as in Count I, her claim under the ICFA. As such, this claim stands or falls with the ICFA claim. Based on this Court's determination that that the plaintiff has sufficiently pled her ICFA claims, the related unjust enrichment claim is also sufficient to withstand the motion to dismiss.

### d. Injunctive Relief

Lastly, defendants move to dismiss plaintiff's demand for injunctive relief. Plaintiff seeks injunctive relief on behalf of the ICFA Class pursuant to FEDERAL RULE OF CIVIL PROCEDURE 23(b)(2). Specifically, plaintiff seek a court order "to prevent Defendants' continued violation of the law by continuing to market, advertise, and sell Johnson's® Baby Powder with misrepresentations and omissions of material facts." (Doc. 61 ¶ 110).

Defendants challenge the plaintiff's request for injunctive relief on the ground that she lacks standing. J&J avers that Mihalich is unlikely to be harmed in the future since she is aware of the alleged "risk" and is unlikely to purchase Johnson's® Baby Powder in the future. (Doc. 62, pg. 18).

Plaintiff Mihalich counters that the ICFA provides a private right of action for injunctive relief in instances where the consumer has sustained damages. She points to the express language of the ICFA, which states that in addition to awarding monetary damages, the Court "may grant injunctive relief where appropriate." 815 ILCS § 505/1; *Conrad v. Nutramax Labs., Inc.*, No. 13 C 3780, 2013 WL 5288152, at *3 (N.D. Ill. Sept. 18, 2013). Mihalich is correct that the

ICFA allows for injunctive relief "where appropriate," however, this does not alleviate her burden of alleging "an injury in fact" necessary to establish Article III standing.

Mihalich alleges that "[d]efendants continue to market, advertise, and sell Johnson's® Baby Powder without disclosure of its serious health risks, and, in fact, continue to misrepresent that the Baby Powder is safe, gentle and mild" (Doc. 61 ¶ 109). However, when seeking prospective injunctive relief, a plaintiff must allege a "real and immediate" threat of future violations of her rights. See *Lyons*, 461 U.S. at 102 ("Past exposure to illegal conduct does not in itself show a present case for injunctive relief …"). Here, Mihalich fails to allege any facts showing that she faces a real and immediate threat of future harm. Therefore, she does not have Article III standing to obtain an injunction against J&J. *Id.*; *Scherr v. Marriott Int'l, Inc.,* 703 F.3d 1069, 1074 (7th Cir.2013)(stating that "to establish injury in fact when seeking prospective injunctive relief, a plaintiff must allege a 'real and immediate' threat of future violations of their rights").

Mihalich cannot rely on the idea that other Illinois consumers may be deceived by Johnson's® Baby Powder label or advertisements in order to establish that she has standing to pursue injunctive relief. *Campbell v. Miller*, 373 F.3d 834, 836 (7th Cir.2004) ("Unless the same events are likely to happen *again to him* there is no controversy between him and [the defendant.]") (emphasis in original). By the same token, plaintiff's threat of future injury, meaning her risk of developing ovarian cancer from past use of the Baby Powder, is nothing more

than speculative. See e.g., *Scherr,* 703 F.3d at 1074; *Gray v. McCaughtry*, 72 Fed.Appx. 434, 437 (7th Cir. 2003).

Therefore, Mihalich has failed to allege that she personally will suffer "real and immediate" harm based on the defendants' actions, and as such, Mihalich lacks standing to seek injunctive relief. Accordingly, plaintiff's claim for injunctive relief is **DISMISSED** for lack of standing.

## IV. Conclusion

For the reasons stated above, defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.'s motion to dismiss is **GRANTED in part** and **DENIED in part** (Doc. 62). Plaintiff's claim for injunctive relief is **DISMISSED** pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) for lack of standing. Furthermore, defendants' motion to dismiss the ICFA claim pursuant to FEDERAL RULES OF CIVIL PROCEDURE 9(b) and 12(b)(6) is **DENIED**. Finally, defendants' motion for hearing is **DENIED as moot** (Doc. 63)

**IT IS SO ORDERED.**

Signed this 20th day of September, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.09.20 15:06:28 -05'00'

**United States District Judge**